UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGIA LOPEZ,

                Plaintiff,

                Civil Action No. ___

CV 12-4694

VITALIANO, J.

   -against-                         **COMPLAINT**

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT and NEW YORK CITY POLICE
OFFICERS JOHN DOE NUMBERS 1-5,        **JURY TRIAL**
                                                       **DEMANDED**
                Defendants.

MANN, M.J.

------------------------------------------------------------------X

        Plaintiff, GEORGIA LOPEZ, by her attorney, George T. Peters, complaining of the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.     GEORGIA LOPEZ brings this action for compensatory damages, punitive damages and attorney's fees pursuant to defendants' violations of her civil rights secured by 42 U.S.C. § 1983, 1985, 1986, and 1988, by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the State of New York. GEORGIA LOPEZ is a twenty-five (25) year old female United States citizen who was arrested on May 21, 2012. Plaintiff while doing nothing illegal or improper, was deprived of her constitutional and common law rights when defendants NEW YORK CITY POLICE OFFICERS JOHN DOE NUMBERS 1-5, UNKNOWN AND INTENDED TO BE NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN, assaulted and battered plaintiff, were negligent in

ignoring that she was a woman, were grossly negligent in housing her with male inmates and caused plaintiff to become physically, psychologically and emotionally injured.

## JURISDICTION

2.  This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§ 1983, 1988, and of rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

3.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.  Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b) as the claims arose in this district.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff GEORGIA LOPEZ is a female citizen of the United States and at all relevant times a resident of the City and State of New York.

7.  Defendant CITY OF NEW YORK (hereinafter referred to as "CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the

State of New York, and as such is responsible for the practices, policies and customs of its agencies, NYPD officials, as well as the hiring, screening, training, supervising, controlling and disciplining of those persons employed by its agencies.

8. Defendant, CITY, employs police officers through the NEW YORK CITY POLICE DEPARTMENT (hereafter referred to as "NYPD") and as such is responsible for the practices, policies, and customs of the NYPD.

9. At all times relevant herein, defendants Police Officers JOHN DOE NUMBERS 1-5 (hereafter referred to as "JOHN DOES"), UNKNOWN AND INTENDED TO BE NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRANCES HEREIN were employees of the NYPD. At all times herein, they were acting in the capacities of agents, servants and employees of defendants CITY AND NYPD.

10. At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of defendant NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant NYPD.

11. Each and all the acts of the defendants NYPD officers alleged herein were done by said defendants while acting in furtherance of their employment by NYPD.

3

## STATEMENT OF FACTS

12. On May 21, 2012, Plaintiff was arrested for grand larceny.

13. During her arrest GEORGIA LOPEZ, a woman was frisked, assaulted, and fondled by JOHN DOES.

14. GEORGIA LOPEZ told JOHN DOES during her arrest that she was a woman and should not be frisked by male members of NYPD.

15. During GEORGIA LOPEZ's arrest and detainment, JOHN DOES and NYPD were in possession of GEORGIA LOPEZ's State of New York issued identification which clearly states that GEORGIA LOPEZ is a woman.

16. JOHN DOES had actual and constructive notice that GEORGIA LOPEZ is a woman.

17. JOHN DOES continued frisking, assaulting and fondling GEORGIA LOPEZ.

18. After processing by NYPD, GEORGIA LOPEZ was improperly detained with men after her arrest.

19. While detained by NYPD, under the detainment, direction and control of JOHN DOES, GEORGIA LOPEZ was sexually assaulted, frisked, assaulted and fondled by male inmates.

20. GEORGIA LOPEZ again informed JOHN DOES and NYPD that she was a woman, being assaulted and fondled while detained with men.

21. NYPD had actual knowledge that Plaintiff was and is a woman at risk of violence and danger and deliberately failed to act on that knowledge, deliberately hurt Plaintiff psychologically and emotionally, deliberately let male members of NYPD hurt

Plaintiff, and failed to provide humane conditions of confinement violating Plaintiff's civil rights under the Constitutions of the State of New York and the United States.

22. Defendant JOHN DOES, while acting in their capacities of agents, servants and employees of the NYPD have an objective standard of liability under which they are liable for deliberately failing to protect a prisoner who is at risk of violence and abuse.

## FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. As a direct and proximate result of the defendants' actions, Plaintiff was deprived of rights, privileges and immunities secured to her under the Constitution and laws of New York and the United States, including, but not limited to her rights under the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. §1983 to be secure in her person, to be protected against cruel and unusual punishment, to be provided with humane conditions of confinement, and to equal protection of the laws.

25. The Defendants established a custom, policy and/or practice of encouraging, approving and/or tolerating DOC and NYPD officials' improper handling of those civilians who are transgender, and subsequent attempts to conceal such actions by failing to adequately train, supervise and discipline its agents, employees and officers.

26. The Defendants' actions were undertaken under the color of law and would not have existed but for said defendants' use of their official power.

27. Defendants have failed to properly or effectively train their agents, servants and/or employees with regard to proper constitutional and statutory limits on the exercise of their authority, and such failures continue to this day.

28. The Defendants' motivations were in contravention of the United States Constitution and the Constitution of the State of New York.

29. As a result of the aforesaid violation of Plaintiff's rights, she has sustained emotional, psychological injuries and damages previously described in this complaint.

30. As a result of the foregoing, Plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
### Negligence

31. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. The above-mentioned acts and conduct committed by the individual corrections officer defendants constituted negligence for their failure to prevent the abuse, touching, and fondling against Plaintiff, failure to protect Plaintiff from the abuse and unlawful touching by other detainees, failure to provide adequate living conditions for Plaintiff, failure to follow DOC rules and procedures, failure to follow NYPD rules and procedures, and failure to otherwise handle the situation properly pursuant to the procedures and guidelines set forth by the DOC, despite having reasonable opportunity to do so.

33. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in allowing Plaintiff's rights to be violated.

34. As a result of the aforesaid, Plaintiff sustained the injuries and damages previously described in this complaint.

35. As a result of the foregoing, plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

36. Plaintiff GEORGIA LOPEZ repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if more fully set at length herein.

37. Defendants CITY OF NEW YORK and NYPD and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the individual corrections officer defendants who were unfit for the performance of their duties on the dates, times, and places of these incidents.

38. The defendants, their agents, servants or employees acted negligently, carelessly and recklessly in supervising and/or disciplining the individually named defendants in that said individual defendants were or should have been known to be employees who abused and misused their position, who gave false information, or who acted intentionally and/or recklessly toward the plaintiff, and exhibited a lack of degree of due care which prudent and reasonable individual would show in executing the duties of a corrections officer and in executing the duties of a police officer.

39. Such conduct was carried out willfully, wantonly, maliciously, and with reckless disregard for the dangers of harm and injury to the citizens of the State of New York, including plaintiff.

40. That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries and damages previously described in this complaint.

41. As a result of the foregoing, plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

42. Plaintiff repeats and reiterates all of the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

   a. The actions of the defendants in frisking Plaintiff, in allowing other male inmates fondle and assault Plaintiff, who is a woman, and failing to protect Plaintiff were outrageous and beyond norms acceptable to society.

43. Defendants acted with the desire and intent to cause plaintiff, GEORGIA LOPEZ, emotional distress or acted under circumstances known to them which made it substantially certain that they would cause such emotional distress.

44. Defendants acted with utter disregard of the consequences of their actions.

45. As a result of aforesaid, plaintiff sustained injuries and damages previously described in this complaint, including intentional infliction of emotional distress.

46. As a result of the foregoing, plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

8

## FIFTH CAUSE OF ACTION
### Dereliction of Duty, Depraved Indifference and Failure to Intercede

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 44 with the same force and effect as if fully set forth herein.

48. Defendants were under a duty of safeguarding the public and ensuring the appropriate execution of NYPD officials' roles. Plaintiff duly relied on Defendants' fulfillment of their duties.

49. Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated.

50. At the times of these above-mentioned incidents, Defendants knew about were observing and aware of the wrongful acts against Plaintiff.

51. At the times of the incidents, Defendants neglected to intervene on Plaintiff's behalf in dereliction of their duty to Plaintiff and in depraved indifference to Plaintiff's well-being.

52. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, and was caused, *inter alia*, to be injured.

53. As a result of the foregoing, plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## SIXTH CAUSE OF ACTION
### Discrimination on the Basis of Sexuality

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 51 with the same force and effect as if more

fully set forth at length herein.

55. By their conduct as set forth above, the defendants demonstrated that they were motivated in their unlawful actions by reasons of discrimination on the bases of race, color and/or national origin against plaintiff, in violation of the New York Human Rights Law and the New York Executive Law, as well as under the laws of the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and their rights under the Constitution and other laws of the State of New York.

56. As a result of the foregoing, plaintiff seeks compensatory damages in the sum of One Million Dollars ($1,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all defendants as follows:

(1) On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(2) On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(3) On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(4) On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(5) On the FIFTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(6) On the SIXTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) as to Plaintiff;

(7) That Plaintiff recovers the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988; and

(8) That Plaintiff has such other and further relief, as this Court shall deem just and proper.

Dated: August 8, 2012
      New York, New York

           /s/ GEORGE T. PETERS
GEORGE T. PETERS, ESQ (GP 2661)
Law Office of George T. Peters
Plaintiff's Attorney
402 W. 145th Street, 2nd Floor
New York, New York 10031
(347) 751-0157
George.Peters@myatty1.com